FILED
JOHN P. HEHMAN
CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

2013 APR 25 PM 3:57

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | CASE No.: 2:13-cr-106 |
| vs. | : | |
| | : | |
| | : | JUDGE: SARGUS |
| VALERIO V. ALEXANDER | : | |
| aka "Vic" | : | |
| and | : | |
| | : | 18 U.S.C. § 1591 (a) |
| THOMASINA C. HOWARD | : | 18 U.S.C. § 1594 (a) |
| aka "Kat" | : | 18 U.S.C. § 1594 (b) |
| | : | 18 U.S.C. § 1594 (e) |

### INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE

During the month of February 2013, in the Southern District of Ohio, the defendants,

**VALERIO V. ALEXANDER** and **THOMASINA C. HOWARD**, did knowingly, intentionally

and unlawfully combine, conspire, confederate and agree with each other to recruit, entice,

harbor, provide, obtain and maintain by any means, in and affecting interstate commerce, a

minor child under the age of 18 years, that is, Jane Doe #1, an individual known to the Grand

Jury, knowing and in reckless disregard of the fact that Jane Doe #1 had not attained the age of

18 years, and knowing that Jane Doe #1 would be caused to engage in a commercial sex act, in

violation of 18 U.S.C. § 1591.

## Manner and Means of the Conspiracy

It was part of the conspiracy that:

1. **VALERIO V. ALEXANDER** used the residence at 5892 Chatford Drive, Apartment D, Columbus, Ohio, as a location where females temporarily resided and engaged in commercial sex acts for the financial benefit of the defendant.

2. **VALERIO V. ALEXANDER** and others known to the Grand Jury utilized facilities of interstate and foreign commerce, that is, computers, cellular phones, and the Internet, to place advertisements with sexually suggestive photographs of females, on the internet website "backpage.com" for the purposes of soliciting customers for commercial sex acts.

3. **VALERIO V. ALEXANDER** instructed females how much to charge for various commercial sex acts.

4. **VALERIO V. ALEXANDER** regularly retained the money that females received for performing commercial sex acts.

5. **VALERIO V. ALEXANDER** regularly provided females who engaged in commercial sex acts for his financial benefit with illegal narcotics.

## Overt Acts

6.    In furtherance of the conspiracy, and to effect the objects thereof, **VALERIO V. ALEXANDER** and **THOMASINA C. HOWARD** committed the following overt acts in the Southern District of Ohio:

2

a. Between on or about February 1, 2013, and February 8, 2013,
**THOMASINA C. HOWARD**, informed Jane Doe #1, a minor female who is the daughter of
**THOMASINA C. HOWARD**, that **VALERIO V. ALEXANDER** could post pictures of Jane
Doe #1 on the Internet, and Jane Doe #1 could make money from having her pictures on the
Internet.

b. On or about February 8, 2013, **THOMASINA C. HOWARD**
provided Jane Doe #1 to **VALERIO V. ALEXANDER** for the purpose of Jane Doe #1 engaging
in commercial sex acts for the financial benefit of **THOMASINA C. HOWARD** and
**VALERIO V. ALEXANDER**

c. On or about February 8, 2013, **VALERIO V. ALEXANDER** and
**THOMASINA C. HOWARD**, utilizing facilities affecting interstate and foreign commerce, that
is, cellular phones and/or a computer, caused sexually suggestive photographs of Jane Doe #1 to
be taken and placed in an advertisement offering commercial sex acts on the website
"backpage.com," which included a phone number assigned to a cellular phone that **VALERIO
V. ALEXANDER** provided to Jane Doe #1.

d. On or about February 8, 2013, through February 9, 2013, the exact
dates being unknown to the Grand Jury, **VALERIO V. ALEXANDER** maintained Jane Doe #1
at the residence located at 5892 Chatford Drive, Apartment D, Columbus, Ohio.

e. On or about February 8, 2013, and February 9, 2013, the exact date
being unknown to the Grand Jury, **VALERIO V. ALEXANDER** and another individual known
to the Grand Jury, instructed Jane Doe #1 regarding how to arrange "dates" for commercial
sexual acts and how much to charge for various sexual acts.

f.　　On or about February 8, 2013, and February 9, 2013, the exact date being unknown to the Grand Jury, **VALERIO V. ALEXANDER** provided Jane Doe #1 condoms, which had travelled in interstate commerce for her use during commercial sex acts.

g.　　On or about February 8, 2013, and February 9, 2013, the exact date being unknown to the Grand Jury, **VALERIO V. ALEXANDER** caused Jane Doe #1 to engage in a commercial sex act at the residence located at 5892 Chatford Drive, Apartment D, Columbus, Ohio.

In violation of 18 U.S.C. § 1594(c).

## COUNT TWO

During the month of February 2013, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio, the defendants, **VALERIO V. ALEXANDER** and **THOMASINA C. HOWARD**, knowingly recruited, enticed, harbored, provided, obtained and maintained by any means, and attempted to recruit, entice, harbor, provide, obtain and maintain by any means, in and affecting interstate and foreign commerce, Jane Doe #1, a minor whose identity is known to the Grand Jury, knowing and in reckless disregard of the fact that Jane Doe #1 had not attained the age of 18 years, and knowing that Jane Doe #1 would be caused to engage in a commercial sex act.

In violation of 18 U.S.C. §§ 1591 (a) and (b) and 1594(a).

## FORFEITURE A

The allegations of Counts One and Two of this Indictment are hereby incorporated by reference as part of this Count as if fully rewritten herein for purposes of alleging forfeitures to the United States of America pursuant to the provisions of 18 U.S.C. § 1594.

As a result of the offenses alleged in Counts One and Two of this Indictment and upon conviction thereof, the defendant, **VALERIO V. ALEXANDER,** shall forfeit to the United States any and all property, real or personal, constituting or derived from any proceeds obtained directly or indirectly as a result of the aforementioned violations; and any and all property used or intended to be used to commit or to promote the commission of the aforementioned violations, including but not limited to the following:

1. One Samsung SPH-M580 cellular phone, HEX number A0000029FE980B; and
2. One Motorola WX442 cellular phone, HEX number A0000022F1249E.

In violation of 18 U.S.C. § 1594(e).

A TRUE BILL.

s/Foreperson
FOREPERSON

CARTER M. STEWART
United States Attorney

GARY L. SPARTIS (0023428)
Columbus Branch Chief

5